**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNIVERSAL CASUALTY COMPANY**                      **PLAINTIFF**

v.                **CASE NO. 4:08-CV-1822 BSM**

**TRIPLE TRANSPORT, INC.**                                      **DEFENDANT**

**ORDER**

Plaintiff/cross-defendant Universal Casualty Company ("Universal") moves for partial summary judgment (Doc. No. 33) on the bad faith claim filed by defendant/cross-plaintiff Triple Transport, Inc. ("Triple Transport") (Doc. No. 30). Triple Transport objects (Doc. No. 36) and Universal has replied (Doc. No. 39). For the reasons set forth below, Universal's motion for partial summary judgment is denied.

I. FACTS

Viewing the facts in the light most favorable to Triple Transport, the non-moving party, the facts are as follows. On March 25, 2008, Triple Transport was sued in Columbia County Circuit Court for damage it allegedly caused to a commercial saltwater disposal well ("the liability action"). Defendant's response to motion for partial summary judgment ("Deft.'s resp."), ¶ 2. Triple Transport held a Commercial Regional Trucking Insurance Policy with its insurer, Universal, at the time of the accident. Deft.'s resp., ¶ 5. Universal is currently defending Triple Transport in the liability action under a reservation of rights. Plaintiff's statement of undisputed facts ("Pltf.'s stmt. of facts"), ¶ 11. Universal filed this action ("the coverage action") on August 25, 2008 seeking a declaration that the policy did

not cover the well damage alleged against Triple Transport in state court. Deft.'s resp., ¶ 6.

On August 21, 2008, counsel for Triple Transport wrote a letter to Wojciech Rakowski, the Universal insurance adjuster assigned to the liability action, acknowledging that Triple Transport understood Universal was preparing to file this coverage action. Jason Lee letter to Rakowski attached at Exhibit B to Deft.'s resp. The letter also expressed Triple Transport's concern that Rakowski was the adjuster currently assigned to both the liability action and the coverage action. *Id.* The letter informed Rakowski that a "Chinese wall" needed to be established to prevent a conflict of interest. *Id.* Rakowski answered on August 26, 2008 that Universal understood Triple Transport's concerns, so another Universal adjuster, John Thornton, would replace him in the liability action. Rakowski fax to Lee attached at Exhibit C to Deft.'s resp. Rakowski represented that he would continue working on the coverage action. *Id.*

As the November 16, 2009 trial in the coverage action approached, an order was issued on November 10, 2009 authorizing certain persons to bring electronic devices into the courthouse for the trial (Doc. No. 25). The next day, Triple Transport moved for a continuance and for leave to file a counterclaim against Universal (Doc. Nos. 26, 27). Both motions were granted, and Triple Transport filed its bad faith claim against Universal. Triple Transport claims the November 10, 2009 order made it aware for the first time that Thornton had, at some point after Rakowski's representation in August 2008, become the adjuster assigned to both the coverage and liability actions. Triple Transport argues Universal

deceitfully hid this fact, constituting affirmative misconduct that is dishonest, oppressive, and malicious.

Triple Transport also provides a series of letters from its counsel to Thornton, dated from October 2009 to February 2010, that indicate Triple Transport received a settlement offer in the liability case for $50,000, and Universal refused to contribute more than $20,000 to the settlement. Letters attached at Exhibits D, E, F, G, H, and I to Deft.'s resp. Triple Transport maintains Thornton's conflict of interest, created by his participation in the settlement negotiations in the liability action and his participation in Universal's effort to avoid coverage in the coverage action, prejudiced Triple Transport. Triple Transport argues that Thornton's dual assignment constituted bad faith under Arkansas law.

Universal admits that Thornton was assigned to both the liability and coverage cases, that it did not assign different agents after Triple Transport asked it to do so, and it asked Triple Transport to contribute to the settlement of the liability case. Plaintiff's memorandum brief in support of motion for partial summary judgment ("Pltf.'s br.") (Doc. No. 34), 3-4. Universal argues, however, that Triple Transport can point to no facts to support a bad faith claim. Universal maintains there is no evidence of affirmative misconduct that is dishonest, malicious, or oppressive.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of

material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8 th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8 th Cir. 2008)).

The moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985)). Plaintiff as the non-movant "must demonstrate a genuine issue of material fact, that is a dispute that might affect the outcome of the suit under the governing law, so that a reasonable jury could return a verdict for the nonmoving party." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (internal citation

and quotation marks omitted).

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). The plain language of Rule 56, however, mandates the entry of summary judgment against a non-moving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Summary judgment is denied on Triple Transport's bad faith claim. To succeed on this claim, Triple Transport must prove that: (1) Universal engaged in dishonest, malicious, or oppressive conduct; (2) to avoid a just obligation to Triple Transport; and (3) Universal avoided its obligation with a state of mind characterized by hatred, ill will, or a spirit of revenge. *Watkins v. Southern Farm Bureau Cas. Ins. Co.*, --- S.W. 3d ----, 2009 WL 3400697 (Ark. Ct. App., Oct. 21, 2009) (citing *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 991 S.W.2d 555 (1999)). Mere poor judgment or negligence by Universal is insufficient so long as it acted in good faith. *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426, 277 S.W.3d 196, 201-202 (2008).

In support of its motion for summary judgment, Universal argues that assigning

Thornton to both the coverage and liability actions did not rise to the level of bad faith. In response, Triple Transport argues that its interests were prejudiced because Thornton would potentially place Universal's interests over Triple Transport's interests. Deposition of Rodney Krug, attached as Exhibit 3 to Pltf.'s mot., 63. In support of this proposition, Triple Transport cites *Southern Farm Bureau Cas. Ins. Co. v. Parker*, 232 Ark. 841, 848-849, 341 S.W.2d 36, 41 (1961), which provides that an insurer must give at least equal consideration to the interests of the insured, relative to its own interests, when deciding whether to accept or reject an offer of compromise. In *Parker*, the Arkansas Supreme Court held that an insurer owes its insured a fiduciary duty to act in the best interest of the insured. *Id.* at 849.

Whether Thornton had a conflict of interest that caused him to breach his fiduciary duty to Triple Transport is a disputed issue of fact that must be decided by the jury. Further, if the jury determines that Universal breached the fiduciary duty it owed to Triple Transport, it will then have to determine whether Universal's actions satisfy the third prong of *Watson*, as set forth above. For these reasons, summary judgment is denied.

## IV. CONCLUSION

For the reasons set forth above, Universal's motion for partial summary judgment (Doc. No. 33) is denied.

IT IS SO ORDERED this 11th day of August, 2010.

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE